IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**CRYSTAL N. FINNIE**                                                 **PLAINTIFF**

**v.**                                                               **NO.: 1:10cv64-A-S**

**LEE COUNTY, MISSISSIPPI and**
**JIM H. JOHNSON, SHERIFF**
**OF LEE COUNTY, MISSISSIPPI,**
**In His Official Capacity**                                        **DEFENDANTS**

## **ORDER**

This cause comes before the Court on the motion [81] of all Defendants to reconsider the partial denial of their motion for summary judgment. While the Federal Rules of Civil Procedure do not specifically provide for a motion for reconsideration, the Fifth Circuit has held that such a motion may be entertained by a court and should be treated either as a motion to "alter or amend" pursuant to Rule 59(e) or a motion for "relief from judgment" pursuant to Rule 60(b). Teal v. Eagle Fleet, Inc., 933 F.2d 341, 347 (5th Cir. 1991).

Defendants maintain that the judgment should be altered because the Court "misapprehended" the law. Instead, however, Defendants have "misapprehended" the Court's holding. For example, Defendants maintain that the Court erred in holding the "mention" of Plaintiff's EEOC charge "alone" is enough to avoid summary judgment. While the Court specifically discussed each side's transcribed version of Plaintiff's termination hearing,[1] as both parties set forth detailed arguments discussing such, the Court did **not** rely *solely* on the termination meeting in concluding that the case should proceed to trial. Again, and to be sure, the Court reiterates that it considered the record as a whole and the evidence in its entirety in

---

[1] The Court was not provided the audio recording of the termination meeting. Instead, the Court was only presented with two competing versions of the transcribed meeting.

making its decision.  The Court recognizes this case is unique given that it involves a uniform policy and, *while the evidence at trial may ultimately reveal that this case should be decided as a matter of law*, after meticulously mining through this record in its entirety, the Court concluded that summary judgment would be improper.[2]  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) ("Neither do we suggest . . . that the trial court may not deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial.").  The Court spent *considerable* time going through the record in this action and wrote a sixty-seven opinion discussing the same.  Accordingly, this case will proceed to trial, and Defendants' motion to alter the judgment is DENIED.

**So ORDERED on this, the   \_\_31st\_\_\_ day of \_\_\_May_____, 2012.**

                                       **/s/   Sharion Aycock_____**
                                       **UNITED STATES DISTRICT JUDGE**

---

[2] To be clear, in dismissing Plaintiff's First Amendment and Title VII religious and gender discrimination claims, the Court did not *hold* that Defendant terminated Plaintiff *because she refused to comply with the uniform policy*.  Instead, the Court held that uniform policy did not run afoul of Plaintiff's rights secured by the Free Exercise Clause of the First Amendment and that Plaintiff could not prove gender or religious discrimination.